T. A. LLOYD, Deputy Tax Collector, *vs.* J. KALANA.

APPEAL FROM POLICE JUSTICE OF HONOLULU.

HEARING, DECEMBER 23, 1891.   DECISION, FEBRUARY 6, 1892.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

OPINION OF CHIEF JUSTICE JUDD AND MR. JUSTICE BICKERTON.

Construction given to Section 58A of the Tax Law enacted in Chapter 68
of the Laws of 1888.   The tax-payer is not liable to arrest for unpaid
personal taxes until November 1st of the year for which the taxes are
assessed.

The defendant was arrested on the 15th July, 1891, on the
written order of the plaintiff, and taken before the Police Justice
of Honolulu to show cause why he should not be sentenced to
be imprisoned at hard labor until he discharge the amount of
his taxes.   This order set forth that defendant has failed or neg-
lected to pay to the Tax Collector of Honolulu, "on or before
the 1st day of November, A.D. 1891, and thence to the present
time his personal taxes, which said taxes amount to the sum
of Five Dollars, assessed upon him for the year 1891, and as no
property can be found belonging to said Joe Kalana whereon to
levy by distress as provided by law, therefore," etc.

Before the Police Court defendant plead to the jurisdiction in
that the laws in force do not authorize the collection of the taxes
in the way now attempted.   The plea was overruled and after
proof that the taxes had been demanded of defendant, and that
he asked for time, the magistrate sentenced defendant, he being
able-bodied, to imprisonment at hard labor until he discharge
the tax and costs at 50 cents per day.   Whereupon defendant
appealed to the Supreme Court, and the Chief Justice, then pre-
siding, reserved this question for the Court in Banco, as follows:

Does the amendment to the Tax Law, being Section 58A,
Chapter 68 of the Laws of 1888, give to the Tax Collector the

right to take the body of a person who fails to pay his personal taxes, and has the Court the right to sentence him to discharge his tax by imprisonment at hard labor before the 1st day of November, or does the amendment give the Tax Collector the right to pursue all the remedies provided from and after the 1st of July, to wit, the remedies prescribed in Chapter 37 of the Laws of 1886, especially Section 58 thereof?

Section 58 of the Laws of 1886 (Chapter 37) is as follows: "If any tax-payer shall fail or neglect to pay his taxes to the Tax Collector on or before the 15th day of December, the Tax Collector may levy the same by distress upon so much of the goods and chattels of such person as he may deem sufficient for the payment of the taxes due and expenses of collection, and sell the same upon the order of a District Judge or Police Magistrate, after a public notice of five days. Or the collector may sue for the amount of taxes in his own name, on behalf of the Hawaiian Government, with 10 per cent. added thereto, in any District or Police Court, notwithstanding the amount claimed, and execution may issue therefor the same as in ordinary civil suits.

"Provided that no property not especially exempt from taxation shall be exempted from levy and sale under such execution. And provided also that in case of personal taxes if no property can be found whereon to levy, the Tax Collector shall have authority between the 1st day of November and the 30th day of June following, to order any constable to take such person before any District or Police Justice, and the defendant, if ablebodied, may by sentence of said Judge or Magistrate be imprisoned at hard labor until he discharge the amount of his tax and costs at the rate of 50 cents per day."

Section 58A of the Laws of 1888 (Chapter 68) is as follows: "All personal taxes shall be due and payable on and after the 1st day of July of each year, and may be collected by the proper officer at any time after such date." If any person legally liable to pay personal taxes refuse to pay such taxes when demanded by the Assessor, the Assessor may proceed against such person in the manner provided in Section 58 of said Act.

It is urged by defendant's counsel that the only effect of Section 58A is to make the personal taxes due and demandable on the 1st of July of each year, and the provision that the Assessor may, when the person refuses to pay these taxes, proceed against him "in the manner provided in Section 58 of said Act" limits the right of the Assessor to cause the arrest of the person to the period therein mentioned, between the 1st November and 30th June following.

We think this contention is sound. The whole *modus operandi* of assessing and collecting taxes indicates that time is allowed to the tax-payer during the various stages. The assessments are made as of the 1st of July of each year. The returns of tax-payers are to be made and delivered to the Assessor within the days in the month of July mentioned by him in a public notice for the delivery of such returns. By the 15th of September the tax list must be completed by the Assessors. Between the 20th of September and the 1st of October, the tax lists are to be open to public inspection. Persons desiring the appeal from the assessment made, or claiming exemptions not allowed by the Assessor, are to lodge their appeals by the 15th of November. The Tax Appeal Courts sit between the 15th of November and the 1st of December. The collection of taxes must be made and paid into the Treasury by the last day of December.

By the 58th Section as amended in 1886, the various processes by which taxes are collectable, *i.e.*, by distress of goods and chattels and by civil suit and execution, cannot be put in action until the 15th of December, except that for personal taxes. When no property can be found whereon to levy, the Tax Collector can order the body of the delinquent to be taken, and, by sentence of a Magistrate, he be compelled to work his tax and costs out.

This law, as condensed above, is consistent with itself and is the result of many acts and amendments by many successive legislatures. Then comes in the Act of 1888, and says that personal taxes are collectable on the 1st day of July, the very day the person is assessed, and it is claimed by the prosecution that

he can be arrested and put to work to discharge these taxes the same day. We do not question the right of the Legislature to make such a law.

But to go further and to declare that the Legislature meant by the expression "the Assessor may proceed against such person in the manner provided in Section 58," that when such taxes are not paid the Tax Assessor can have the person arrested on the 1st of July and imprisoned, by sentence of a Court, to discharge his taxes at hard labor, and cut him off from the opportunity between the 20th of September and the 1st of October to see from the list what his taxes are, and an opportunity of appealing therefrom by the 15th of November, would be to give an intention to the Act which is not apparent on its face. If the Legislature intended to deprive the person who owes personal taxes of the right of inspecting the tax list, or of appealing, it should have so expressly enacted. We are not to take anything against the liberty of the person by intendment. It seems to us that the more reasonable construction is that the amendment of 1888 made personal taxes due on the 1st of July whereas formerly they were not due until the 1st of November, and that the process for collection by distress, suit and arrest could then be pursued in the manner and at the times mentioned in the previous Act of 1886. This is careless legislation undoubtedly, for it may be that the legislature intended, as was urged before us, in this summary way to secure the payment of taxes that are often lost on account of persons moving from one place to another between the time of assessment and collection.

The Assessor may proceed against the person "in the manner" prescribed by the previous law. That law says that between the 1st of November and the 30th of June the delinquent may be arrested, etc. Why is not the date at which the arrest may be made a part of the manner?

The time within which certain things may be done has been made an essential element in the assessment and collection of taxes. The previous discussion shows this. "A penalty must be imposed by clear words" (Broom's Legal Maxims, Sec. 570). "The principle," says Lord Abinger, adopted by Lord Tenter-

den, "that a penal law ought to be construed strictly, is not only a sound one, but the only one consistent with our free institution." *Henderson vs. Sherborn*, 2 M. & W., 236.

We therefore sustain the appeal and discharge the defendant.

OPINION OF McCULLY, J. AND DOLE, J.

A tax-payer is liable to arrest for unpaid personal taxes, immediately after the first day of July.

The following question was reserved by the Trial Justice in the Court below:   "Does the amendment to the Tax Law, being Section 58A, Chapter 68 of the Laws of 1888, give to the Tax Collector the right to take the body of a person who fails to pay his personal taxes, and has the Court the right to sentence him to discharge his tax by imprisonment at hard labor before the first day of November, or does the amendment give the Tax Collector the right to pursue all the remedies provided from and after the first of July, to wit, the remedies prescribed in Chapter 37 of the Laws of 1886, especially Section 58 thereof?"

Section 58A therein referred to reads as follows:   "All personal taxes shall be due and payable on and after the first day of July of each year, and may be collected by the proper officer at any time after such date.   If any person legally liable to pay personal taxes refuse to pay such taxes when demanded by the Assessor, the Assessor may proceed against such person in the manner provided in Section 58 of said Act."

This amends the previous Tax Law in the respect that personal taxes, by which are intended, not taxes upon personal property, but the poll, road and school taxes, are due and payable on the first day of July and may be collected immediately thereafter; whereas previously the Tax Collector was authorized only from the first day of November to the thirtieth day of June following to pursue the method of arrest.   This is the apparent construction.   Against this the defendant contends that Section 58A applies the whole of Section 58 to this case, which would lead to the reading that immediately after the first of July the Tax Collector may arrest between the first of November and the thirtieth of June.   This is absurd, and absurd constructions

are to be rejected.   See Section 13, C. L.   Moreover, no amendment would be effected to the previous statute.   But the "manner provided in Section 58" is distinct from any time wherein the mode or manner may be used.

The statute of 1886 prescribes one time or date, that of 1888 another for using the same manner or method.

We were at first impressed with the apparent harshness of a tax law which gave the authority to arrest and imprison immediately upon the tax becoming due.   This harshness of arresting a tax-payer before he has had time to appeal from his assessment exists, whichever way the law is construed.   For if he is liable to arrest on the first day of November, this is fifteen days before the sitting of the Court of Appeals, and if he is liable to arrest on the first day of July, the fact is still more obvious.

Our own statutes had—we believe the statutes of the States have—a time allowed between assessment and enforced collection as delinquent.   But the reason for the amendment effected by the statute before us is not far to seek.   We have in this country a very large class of the population of shifting residence and personally difficult of identification.   Between the first day of July, when the names of such would be found on the assessment roll, and the first of November, when personal and coercive process could be employed, many of these men would have disappeared from the districts in which they were assessed and would be untraceable.   To collect their taxes there must be authority to proceed against them immediately after assessment made, as is now provided for.   Our answer therefore sustains the contention of the plaintiff.

*F. M. Hatch* and *Deputy Attorney-General Creighton,* for plaintiff.

*D. L. Huntsman,* for defendant.

----

NOTE.   The Court being divided on this case, the judgment of the Police Court of Honolulu, appealed from, stands.